IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ************************************ | Case No. 3: 17 - CR- 354 (TJM) |
| UNITED STATES OF AMERICA | GOVERNMENT'S FIRST SENTENCING |
| v. | MEMORANDUM |
| COREY MANGAN, | |
| Defendant. | |
| ************************************ | |

## INTRODUCTION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its first sentencing memorandum.

The government recommends that the Court impose a sentence that is fair and just, taking into account all of the information that is before the Court.

## THE PLEA

On January 11, 2018, the defendant pled guilty to a single-count Indictment 3:17-CR-354 which charges between in or about January of 2013 through the present (November 1, 2017), in Broome County in the Northern District of New York, and elsewhere, the defendant knowingly possessed and attempted to possess a listed chemical, that is, pseudoephedrine, a list I chemical, knowing that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(c)(2) & 846.  There is no plea agreement in this case.

Prior to the entry of the guilty plea, the government filed with the Court an Offer of Proof. The facts set forth in the Offer of Proof are as follows:

a) On dozens of occasions between January of 2013 through November 1, 2017, defendant Corey Mangan purchased pseudoephedrine pills from different drug stores in and around Broome County, New York, with an aggregate weight of pure pseudoephedrine of approximately 371 grams. During this same time period, defendant Corey Mangan also attempted to purchase additional pseudoephedrine pills on 116 occasions from different drug stores in and around Broome County, New York, with an aggregate weight of pure pseudoephedrine of approximately 269 grams. The defendant knew there were restrictions on the sale of pseudoephedrine, and so, to avoid scrutiny, often rotated the stores where he purchased and attempted to purchase the pseudoephedrine pills. In fact, the attempted purchases were blocked by the respective stores and were the only and last act preventing defendant from purchasing and possessing the attempted pseudoephedrine amounts.

b) The defendant purchased the approximately 371 grams of pure pseudoephedrine, and attempted to purchase the approximately 269 grams of pure pseudoephedrine, knowing it was intended to be used in the manufacture of methamphetamine. In fact, defendant or others used the pseudoephedrine, as purchased by defendant, to actually manufacture methamphetamine.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**Statutory Maximum and Minimum Sentences:**

The government agrees with the calculations as set forth in the Pre-sentence Investigation Report (PSR).

**Guidelines Provisions:**

    a.    Plea Agreement:

There is no plea agreement in this case.

    b.    Offense Level:

The government agrees with the calculations as set forth in the Pre-sentence Investigation Report (PSR).

**Facts and Information Contained in the PSR:**

The government agrees with the facts and information contained in the PSR.

**Acceptance of Responsibility:**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1.  Furthermore, the government makes a one-level further downward adjustment pursuant to U.S.S.G. §3E1.1(b).

**Criminal History Category:**

According to the pre-sentence report, the defendant's criminal history category is III.  The government agrees with the Probation Office's determination of the defendant's criminal history category.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence that is fair and just taking into account all of the information that is before the Court.

GRANT C. JAQUITH                                                                April 12, 2018
United States Attorney

*Miroslav Lovric*
By: Miroslav Lovric
Assistant United States Attorney

CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

I hereby certify that on April 12, 2018, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

*Miroslav Lovric*
Miroslav Lovric
Assistant U.S. Attorney